(No. 80-CV-0173—)

*In re* APPLICATION OF SAMUEL M. HARRIS.

*Opinion filed August 13, 1980.*

EDWARD R. GAYLES, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOU-DREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 3, 1978. Samuel M. Harris, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Samuel M. Harris, age 61, was a victim of a violent crime, as defined in section 2(c) of

the Act, to wit: Aggravated Battery. Ill. Rev. Stat. 1977, ch. 38, par. 12—4.

2. That on December 3, 1978, the Claimant was shot several times by an unknown offender during an armed robbery. The incident occurred at the restaurant owned by the Claimant at 2129 E. 71st Street, Chicago, Illinois. The Claimant was taken to Jackson Park Hospital for treatment of multiple gunshot wounds.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $3,481.34, none of which was paid by insurance. The Veterans Administration has assumed responsibility for all other medical expenses.

5. That the Claimant was self-employed as owner of The Rib Barrell Bar-B-Que Restaurant prior to the injury and his average monthly earnings were $1,579.59. Claimant was disabled and unable to work from December 3, 1978 to the present. As of August 3, 1980, the Claimant has been disabled for a period of 1 year and 8 months.

6. That section 4 of the Act states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less.

7. That based on $500.00 per month, the maximum compensation for loss of earnings for 1 year and 8 months is $10,000.00.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 7(d) of the Act, this Court

must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the claimant.

10. That the Claimant has received no disability benefits.

11. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $10,000.00 maximum award allowed under section 7(e) of the Act.

It is hereby ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to Samuel M. Harris, an innocent victim of a violent crime.